**United States Bankruptcy Court**
**District of Massachusetts**
**Eastern Division**

| | |
|---|---|
| In re<br><br>**ALLIANT COMPUTER SYSTEMS CORPORATION,**<br><br>Debtor. | **Chapter 11**<br>**Case No. 92-15302-JNF** |

### RESPONSE OF PLAN ADMINISTRATOR TO ORDER TO SHOW CAUSE

Howard L. Kaskel, the former Plan Administrator in the above-captioned case, by and through his counsel of record, Foley Hoag LLP, hereby responds to the Court's June 25, 2008 Order to Show Cause. In response, Mr. Kaskel respectfully requests that the Court not order him to make any further attempts to distribute unclaimed funds to creditors or shareholders, as he has been formally discharged from his duties as Plan Administrator and his health prevents him from effectively resuming those duties. For similar reasons, Mr. Kaskel asks that the Court not require his presence at the July 15, 2008 status conference. To the extent that there remain unclaimed funds in this case, Mr. Kaskel requests that the Court appoint a Successor Plan Administrator pursuant to paragraph 25 of the Plan Administrator Agreement to distribute those funds to the proper recipients pursuant to and in accordance with the confirmed plan of reorganization.

### Relevant Background

1. This proceeding began with a voluntary petition filed on May 26, 1992 by the debtor, Alliant Computer Systems Corporation (the "Debtor"), under Chapter 11 of the Code. An Official Committee of Unsecured Creditors was appointed in this case (the "Committee") and the Committee retained the law firm of Foley Hoag and Eliot (now Foley Hoag LLP) as its counsel.

B3521936.1

2. The Committee filed its First Amended Plan of Reorganization (the "Plan") on June 28, 1993. The Court confirmed the Plan on August 5, 1993.

3. Pursuant to section 5.1 of the Plan, a plan administrator (the "Plan Administrator") was appointed to liquidate the assets of the Debtor for the benefit of creditors. On August 5, 1993, the same day as it confirmed the Plan, the Court also approved the Committee's application to appoint Howard Kaskel as the Plan Administrator. The appointment and activities of the Plan Administrator were governed by a Plan Administrator Agreement, which was included as part of the Plan. As of the effective date of the Plan, the Plan Administrator, Mr. Kaskel, became the sole officer and director of the Debtor. See Plan § 5.1; Order Confirming Creditors' Committee First Amended Plan of Reorganization (the "Confirmation Order") ¶ 11.

4. Over a period of nearly five years, the Plan Administrator productively liquidated the assets of the Debtor and distributed to unsecured creditors $8,458,765.17, significantly in excess of what had been anticipated at the time that the Plan was confirmed. See First Amended Disclosure Statement of Official Committee of Unsecured Creditors (the "Disclosure Statement") at 49. The Plan Administrator made six distributions to unsecured creditors, with the final distribution occurring on February 19, 1998. After a request by the Plan Administrator, the Court entered a Final Decree on February 18, 1999, which closed the case and ordered that the "Administrator shall be forever discharged of and released from all power, duties and responsibilities under the Plan." The Court also granted the Plan Administrator's motion to destroy the Debtor's books and records.

**The Current Motion to Release Unclaimed Funds**

5.     On or about February 12, 2008, an entity called Omega Consulting ("Omega") apparently filed a motion, with service only to the United States Attorney and the United States Trustee, seeking release of $119,541.15 in allegedly unclaimed funds of the estate (the "Funds"). In response to this motion, the Court has re-opened this case and ordered the Plan Administrator to show cause why he should not be ordered to make a further attempt to distribute unclaimed funds to creditors and shareholders. Prior to late June 2008, neither the Plan Administrator nor, as far as has been determined, anyone at Foley Hoag was aware of Omega's request to obtain the $119,541.15 in estate funds.

**Response to the Order to Show Cause and the Motion**

6.     Given the passage of time, neither the Plan Administrator nor Foley Hoag have sufficient information at present to respond completely to the Court's Order to Show Cause. The Foley Hoag attorneys with primary responsibility for this case have since left the firm and the undersigned have only recently been able to obtain copies of the relevant documents. Accordingly, the Plan Administrator or his counsel will supplement the record with any additional information that is uncovered between now and the time of the hearing on the Order to Show Cause.

7.     Omega's motion apparently seeks recovery of the Funds that were reported by the United States Trustee's office as unclaimed on February 12, 2007, and May 15, 2007. Omega alleges that it has been assigned the right to any unclaimed estate funds by Jesse Aweida, purportedly a former shareholder and director of the Debtor, through an assignment agreement executed on February 7, 2008. Mr. Aweida allegedly assigned this right to Omega in exchange for a promise of 60% of any recovered funds. Under the Plan, however, on the effective date Mr.

Kaskel became the sole director and officer of the Debtor.  See Plan § 5.1; Confirmation Order ¶ 11.  Accordingly, Mr. Aweida would seem to be without authority to assign any rights of the Debtor in the Funds, or in any other estate property.  Moreover, the Plan canceled the interests of all of the Debtor's shareholders.  Plan § 4.5

8. As best the Plan Administrator has determined, the Funds appear to have been sent to the United States Trustee's office by Wells Fargo's Corporate Trust Services following an alleged unsuccessful attempt to distribute the Funds to the appropriate recipients under the Plan.  The Funds appear to have been held by Wells Fargo's predecessor-in-interest pending the expiration of the time for certain foreign tax authorities to seek repayment of tax refunds, after which the Funds were supposed to be distributed in accordance with the terms of the Plan and the Plan Administrator Agreement.  Mr. Kaskel is unaware of any efforts to contact him as the former Plan Administrator regarding the existence of any unclaimed distributions or the release of unclaimed funds to any entity.

9. If, in fact, there is money remaining to be distributed to creditors, the Court should appoint a Successor Plan Administrator, pursuant to paragraph 25 of the Plan Administrator Agreement, to determine the appropriate distribution of this unclaimed money in accordance with the Plan.  Mr. Kaskel would not be an ideal choice for this position as he now resides in central Florida and is not in good health, which has caused him to retire from the workforce.  Moreover, as permitted by the Final Decree, Mr. Kaskel has destroyed all records and books of the Debtor, so he has no special knowledge that would assist in the efficient distribution of any remaining funds.  Nevertheless, a Successor Plan Administrator could be appointed to look out for the interests of creditors and to dispose of the Funds in accordance with the Plan.

Accordingly, for the reasons stated above, Howard L. Kaskel respectfully requests that the Court (i) not order him to make any further attempt to distribute unclaimed funds or require his attendance at the scheduled July 15, 2008 status conference; (ii) appoint a Successor Plan Administrator to make any further dispositions of the Funds, with costs incurred in the distribution, including those incurred in response to the Order to Show Cause, to be paid out of the Funds, and (iii) enter such other and further relief as is just and proper in the circumstances.

> Respectfully Submitted,
>
> HOWARD L. KASKEL AS PLAN ADMINISTRATOR
>
> By His Attorneys,
>
> */s/ Andrew Z. Schwartz*
> Andrew Z. Schwartz (BBO #544653)
> Richard G. Baldwin (BBO #670984)
> FOLEY HOAG LLP
> Seaport World Trade Center West
> 155 Seaport Boulevard
> Boston, MA 02210
> Tel: (617) 832-1000
> Fax: (617) 832-7000
> bctnotices@foleyhoag.com

Dated: July 7, 2008

## **CERTIFICATE OF SERVICE**

      This is to certify that copies of the foregoing were sent via first-class mail, postage pre-paid to the following parties:

Brian Baum, Esq.
1795 North Fry Rd., Suite 214
Katy, Texas 77449

John Fitzgerald, Esq.
Assistant U.S. Trustee
1184 O'Neill Federal Building
10 Causeway Street
Boston, MA 02222

United States Attorney
1 Courthouse Way
John Joseph Moakley Courthouse
Boston, MA 02210

                                              */s/ Richard G. Baldwin*
                                              Richard G. Baldwin (BBO #670984)